IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES MORRISON,<br><br>    Plaintiff,<br><br>  vs.<br><br>CORRECTIONAL HEALTH PARTNERS, LT. BODINE, C.O. HOGG, and C.O. STULL,<br><br>    Defendant. | CV 19-00036-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    Plaintiff James Morrison, a prisoner proceeding without counsel, filed a Complaint raising claims of denial of equal protection of the laws, discrimination against disabled pretrial detainees, violation/denial of guarantees afforded under the Americans with Disabilities Act (ADA), denial of due process, and cruel and unusual punishment. (Doc. 2.) The Court screened Mr. Morrison's Complaint pursuant to 28 U.S.C. § 1915(e)(2), 1915A(b) and required Defendants to file a response to the Complaint. (Doc. 6.)

    After Defendants waived service but prior to an Answer being filed, Mr. Morrison filed a motion for temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure seeking an order requiring Defendants to cease his placement in a special housing unit at the Yellowstone County Detention Facility. (Doc. 14.) On November 18, 2019, the Court ordered the County

1

Defendants to provide a supplemental brief with evidentiary support on Mr. Morrison's motion by December 18, 2019. (Doc. 26.)

On December 9, 2019, the County Defendants filed a Notice and Affidavit indicating that Mr. Morrison had been released from the Yellowstone County Detention Facility on December 5, 2019. (Docs. 35, 36.) A prisoner's claim for injunctive relief becomes moot following his release from custody. *Alvarez v. Hill*, 667 F.3d 1061, 1063–64 (9th Cir. 2012) (former prisoner's declaratory and injunctive relief claims moot following release from custody); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("[a]n inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action") (citing *Preiser v. Newkirk*, 422 U.S. 395, 402–03 (1975)). Because Mr. Morrison is no longer in custody, his motion for temporary restraining order regarding his placement in the special housing unit is now moot.

Accordingly, the Court issues the following:

## ORDER

1. Defendants need not comply with the Court's November 18, 2019 Order (Doc. 26) requiring supplemental briefing on the Motion for Temporary Restraining Order.

2. On or before January 10, 2020, Mr. Morrison must file a notice of change

of address with the Court indicating his new address.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

3.  The Clerk of Court shall serve a copy of this Order upon Mr. Morrison at 562 Teeth Creek Road, Busby, Montana  59016.

Further, the Court issues the following:

## RECOMMENDATIONS

Mr. Morrison's Motion for Temporary Restraining Order (Doc. 14) should be DENIED AS MOOT.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Morrison is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 10th day of December, 2019.

        */s/ Timothy J. Cavan*
Timothy J. Cavan
United States Magistrate Judge